UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CAMP DRESSER & MCKEE INC.**          **CIVIL ACTION**

**VERSUS**                              **NO. 10-2864**

**BENETECH, LLC, ET AL.**               **SECTION: "C" (2)**

## ORDER AND REASONS

Before this Court is Plaintiff's Motion for Summary Judgment. (Rec. Doc. 14). Having considered the memoranda of counsel, the record, and the applicable law, the Motion for Summary Judgment is GRANTED for the following reasons.

## I. BACKGROUND

Plaintiff, Camp Dresser & McKee Inc. ("Camp Dresser") is a Massachusetts corporation that serves as an engineering and management consulting firm. (Rec. Doc. 14-1 at 2). Defendant, Benetech, LLC ("Benetech") is a Louisiana limited liability company. *Id.* CDM Constructors, Inc. ("CDM Constructors") is a Massachusetts corporation that serves as a general contractor and is a wholly-owned subsidiary of Camp Dresser. *Id.* Camp Dresser alleges that CDM Constructors is separately managed, has separate bank accounts, and maintains the formalities of a separate corporation. *Id.*

In May of 2009, Benetech and CDM Constructors entered into a Teaming Agreement in order to secure two contracts with the United States Army Corps of Engineers ("USACE"). (Rec. Doc. 18 at 3). Subsequently, on January 6, 2010 CDM Constructors and Benetech entered into two Subcontract Agreements covering the two Projects for the USACE. (Rec. Doc. 14-1 at 3).

On January 20, 2010, Benetech executed a Loan Agreement with CDM Constructors' parent corporation, Camp Dresser, wherein Camp Dresser agreed to provide operating capital for Benetech's projects with the USACE. *Id.* Benetech subsequently drew down the entire $160,000 authorized by the Loan Agreement and has allegedly failed to make any repayments, causing Camp Dresser to commence this suit seeking repayment of the outstanding balance under the Loan Agreement. *Id.* at 4. In response to this suit, Benetech asserted a counterclaim alleging that Camp Dresser had breached the Teaming Agreement and the Subcontract Agreements. (Rec. Doc. 7). Through the present Motion, Camp Dresser seeks summary judgment on Benetech's counterclaim. (Rec. Doc. 14).

This Court also notes that in accordance with the provisions contained in the Teaming Agreement and Subcontract Agreement, CDM Constructors filed a demand for arbitration with the American Arbitration Association. (Rec. Doc. 14-1 at 4). Benetech answered this demand and asserted a counterclaim alleging breach of the Teaming Agreement and the Subcontract Agreements. *Id.*

## II. <u>LAW AND ANALYSIS</u>

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,*

784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

Here Camp Dresser argues that it cannot be held in breach of a contract to which it is not a party. (Rec. Doc. 14-1 at 5). Camp Dresser points out that the Teaming Agreement and Subcontract Agreements that it is accused of breaching were between Benetech and CDM Constructors, which is a separate corporation. *Id.* Camp Dresser argues that because it is a separate corporation from CDM Constructors, Benetech cannot pierce the "corporate veil" and hold it liable for the actions of CDM Constructors. *Id.*

Benetech argues that Camp Dresser is the parent company of CDM Constructors and that neither company differentiated themselves in their course of dealing with Benetech. (Rec. Doc. 18 at 5). As a result of this lack of differentiation, Benetech argues that under Massachusetts law it is allowed to pierce the corporate veil and hold Camp Dresser liable for the actions of CDM Constructors. (Rec. Doc. 18 at 5). Benetech argues that Massachusetts law controls because all of the relevant contracts have provisions selecting the law of Massachusetts as the law controlling the

contract. *Id.* at 3.

Under Massachusetts law, "corporate veils are pierced only in 'rare particular situations'" *Scott v. NG U.S. 1, Inc.*, 881 N.E.2d 1125, 1132 (Mass. 2008) (*quoting My Bread Baking Co. v. Cumberland Farms, Inc.*, 233 N.E.2d 748, 751 (Mass. 1968). Moreover, a corporate veil may only be pierced where the parent corporation exercises a form of pervasive control *and* there is some form of fraudulent or injurious consequences of the intercorporate relationship. *Id.* "Stated more directly, control, even pervasive control, without more is not a sufficient basis for a court to ignore corporate formalities." *Id.* The additional element required must be some showing of dubious manipulation, contrivance or finagling. *Id.*

Similarly, under Louisiana law, courts refrain from piercing a corporate veil unless there is some evidence of fraud, malfeasance or criminal wrongdoing. *Riggins v. Dixie Shoring Co. Inc.*, 590 So. 2d 1164, 1168 (La. 1991). In the absence of fraud, a party seeking to pierce a corporate veil bears a heavy burden of proving that the shareholders disregarded the corporate entity to such an extent that it became indistinguishable from themselves. *Id.*

Here Camp Dresser has supplied documents suggesting that they have complied with all necessary corporate formalities. (Rec. Docs. 14-4 & 14-5). Benetech's only response is to point out that Camp Dresser and CDM Constructors share the same corporate office and several of the same directors. (Rec. Doc. 18 at 5). However, these factors do not establish that corporate formalities have not been complied with. As a result, this Court will not pierce Camp Dresser's corporate veil absent some evidence of fraud, malfeasance or criminal wrongdoing.

This Court notes that Benetech does not allege that Camp Dresser used corporate formalities to defraud them. Rather Benetech argues that this Court should treat Camp Dresser and CDM Constructors as the same corporation because their employees held themselves out as representing

4

"CDM", without distinguishing between Camp Dresser and CDM Constructors. (Rec. Doc. 18 at 6). Furthermore, Benetech claims that it had all reasonable expectations that the Loan Agreement was with CDM Constructors, Inc. *Id.*

However, the terms of the Loan Agreement clearly identifies "Camp Dresser & McKee INC." as "the lender", (Rec. Doc 14-5 at 8), while the Subcontract Agreement clearly identifies "CDM Constructors Inc." as the "Subcontractor", (Rec. Doc. 18-6 at 1). Since these contracts clearly identify different corporations, Benetech did not have a reasonable expectation that the contracts involved the same corporation. The fact that the contracts were negotiated by the same or similar personnel does not change the actual text of those contracts. Nor has Benetech suggested any other way in which Camp Dresser abused the corporate form in such a way that justice would require it to be held liable for the activities of CDM Constructors. Consequently, since Camp Dresser maintains corporate formalities separate from CDM Constructors and since Camp Dresser is not a party to the Teaming Agreement nor the Subcontract Agreements, it cannot be held liable for any breach of these agreements.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Summary Judgement is GRANTED. (Rec. Doc. 14).

New Orleans, Louisiana, this 22nd day of March, 2011.

HELEN G. BERRIGAN
UNITED STATED DISTRICT JUDGE

5