UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAMP DRESSER & MCKEE INC. | CIVIL ACTION |
| VERSUS | NO. 10-2864 c/w 11-2131<br>Pertains to: 10-2864 |
| BENETECH, LLC & WILLIAM AARON BENNETT | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the plaintiff Camp Dresser & McKee Inc. ("Camp Dresser") and third party defendant CDM Constructors Inc. and motion for summary judgment filed by the defendant Benetech LLC ("Benetech"). Rec. Docs. 82, 95. Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment in favor of the plaintiff is appropriate for the following reasons.

The plaintiff in this diversity action, Camp Dresser, seeks recovery under a January 10, 2010, loan agreement with Benetech and guaranteed by William Aaron Bennett ("Bennett") in the principal sum of $160,000. Camp Dresser alleges that Benetech failed to repay the loan on its termination date, July 9, 2010. Rec. Doc. 1. In August 2011, Benetech filed a counterclaim and third party demand against Camp

Dresser and CDM Constructors, Inc. ("CDM") claiming that: (1) Camp Dresser and CDM violated the Unfair Trade Practices Act ("LUTPA") with regard to a teaming agreement; (2) CDM breached the teaming agreement; (3) CDM breached its fiduciary duty to Benetech; and (4) seeking a declaration that the arbitration clauses contained in the teaming agreement and relevant subcontracts are not enforceable. Rec. Doc. 69 at ¶¶32–54.

It is undisputed that the purpose of the loan agreement was to provide Benetech with operating funds for two contracts between Benetech and the United States Corps of Engineers, and that the teaming agreement and subcontracts at issue are between CDM and Benetech and related to that Corps work; Camp Dresser is not a party to those agreements. It is also undisputed that all claims pertaining to the teaming agreement between CDM and Benetech and relevant subcontracts contain arbitration clauses and are currently in arbitration, over Benetech's objection.[1] The Court has previously found that Camp Dresser and CDM are separate corporate entities for present purposes, and that the amount owed under the loan is not subject to summary

---

[1] Benetech nonetheless admits that the teaming agreement is referred to as part of its counterclaims in arbitration and by virtue of "numerous" references to the teaming agreement in the arbitration proceedings. Rec. Doc. 95-2 at 15-17.

judgment because a genuine issue of material fact exists as to whether Benetech provided uncategorized payments to CDM in excess of the value of the loan which should have been applied to pay the loan with Camp Dresser. Rec. Docs. 24, 53.

In its motion and in opposition to the motion filed by Benetech, Camp Dresser argues that all claims made by Benetech in the counterclaim and third party claim are subject to dismissal because the only plaintiff here, Camp Dresser, was not a party to the teaming agreement or any relevant subcontract. They also argue that any damages sought by Benetech are unliquidated and can not be offset. Rec. Doc. 82. In Benetech's motion for summary judgment and in opposition to Camp Dresser's motion, it seeks an order "declaring that all disputed issues among Benetech, CDM and Camp Dresser must be litigated together" in this matter because the loan agreement was "related" to the "various agreements between Benetech and CDM." Rec. Doc. 95-2 at 1. Benetech also argues that the arbitration clause in the various contracts with CDM were not properly invoked, that the teaming agreement is not part of the pending arbitration proceedings, that claims under the LUTPA can not be arbitrated, that CDM is a necessary party to the loan agreement dispute and that the counterclaims and third party claims derive from a common nucleus of operative fact. Rec. Doc. 95.

3

The Court rejects Benetech's arguments for a number of reasons. First, in addition to the ongoing arbitration, Benetech recently filed claims against CDM involving the teaming agreement and subcontracts in a separate unconsolidated suit seeking indemnification and/or reimbursement for amounts paid on the bonds issued relative to the two subcontracts at issue, *Fidelity & Deposit Co. of Md., et al v. Benetech, et al*, Civ. Act. No. 11-2722 "C"(4). Second, the issue of the timeliness and effectiveness of invoking the arbitration clauses in the teaming contracts and subcontracts are procedural issues reserved to the arbitrator. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). Finally, Benetech has not shown that CDM is a necessary party to this litigation over the loan agreement with Camp Dresser simply because of the accounting defense raised by Benetech, or that the issues between Benetech and CDM relating to their teaming agreement and subcontracts are compulsory for purposes of Rule 13 (a). That rule identifies as a compulsory counterclaim any claim "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." See e.g. *Tank Insulation International, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-

86 (5th Cir. 1997)(factors governing Rule 13(a) compulsory counterclaims).[2]  The Court finds that Benetech's claims do not meet this definition.  Again, it should be noted that Camp Dresser's loan agreement contains no arbitration clause, whereas Benetech's agreements with CDM do.

The validity of the loan agreement and the receipt of the loan funds are not in dispute.  The mere pendency of this lawsuit and, more particularly, Benetech's potential accounting defense to this lawsuit, provide no impediment to Benetech's full access in arbitration or in a court of proper jurisdiction on its claims pertaining to the teaming agreement or subcontracts.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the plaintiff Camp Dresser & McKee Inc. and third party defendant CDM Constructors Inc. is

---

[2] The relevant factors to the Court's determination whether a counterclaim is compulsory are: (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether *res judicata* would bar a subsequent suit on defendant's claims absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.  *Id.*; see also *Pennzenergy Co. v. Wells*, 31 Fed. Appx. 158 at *6 (5th Cir. 2001).  The Court finds that none of these factors have been established by Benetech.

GRANTED. Rec. Doc. 82.

IT IS FURTHER ORDERED that the motion for summary judgment filed by the defendant Benetech LLC is DENIED. Rec. Doc. 95.

New Orleans, Louisiana, this 16th day of April, 2012.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT COURT