UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAMP DRESSER & MCKEE INC. | CIVIL ACTION |
| VERSUS | NO. 10-2864 c/w 11-2131 |
| | Pertains to: 10-2864 |
| BENETECH, LLC & WILLIAM AARON BENNETT | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the plaintiff CDM Smith, Inc., formerly known as Camp Dresser & McKee Inc. ("Camp Dresser"). Rec. Doc. 158. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The plaintiff in this diversity action, Camp Dresser, seeks recovery under a January 10, 2010, loan agreement with Benetech, L.L.C. ("Benetech") and guaranteed by William Aaron Bennett ("Bennett") in the principal sum of $160,000. Camp Dresser alleges that Benetech failed to repay the loan on its termination date, July 9, 2010. Rec. Doc. 1. The Court previously ruled on motion that Camp Dresser and CDM Constructors Inc. ("CDM Constructors") are separate entities and that claims between Benetech and CDM Constructors are subject to arbitration. Rec. Doc. 24, 121. In addition, the Court

previously denied a motion for summary judgment by Camp Dresser on its claim, finding that it failed to provide adequate proof to warrant summary judgment. Rec. Docs. 25, 53. In denying summary judgment, the Court noted that the plaintiff had not provided affirmative proof in proper form relative to whether payments on the loan were made to Camp Dresser or not. Rec. Doc. 53 at 3. In addition, the Court noted that the defendants provided proof in the form of an August 9, 2010, letter from Peter T. Bailey, a senior vice president of CDM Constructors, that includes a reference to the effect that the loan is due to CDM Constructors. Rec. Doc. 47-3 at 5; Rec. Doc. 53 at 4.

Although Camp Dresser previously acknowledged "]i]t thus appears that trial may be necessary to resolve this single issue, of whether Benetech made payments pursuant to the Loan Agreement, which Benetech argues were misapplied by Camp Dresser," this motion represents a second attempt at summary judgment by Camp Dresser on its claim against the defendants. Rec. Doc. 82-1 at 15. This motion contains the same procedural defects. Camp Dresser does include an affidavit from a CPA who examined Benetech's bank records and files, but the affidavit does not affirmatively state that there were no payments to Camp Dresser on the loan. Rec. Doc. 158-3. Similarly, copies of certain bank statements attributed to Benetech are provided as attachments by Camp Dresser and, assuming that they are in proper form, establish that payments were made to CDM

Constructors, but do not establish a lack of payment to Camp Dresser. Rec. Doc. 158-6 to 158-8. Because of the lack of documentary proof, the Court does not reach the issue whether the Bailey letter is sufficient to raise an issue of material fact that payments were, in fact, made to Camp Dresser, so as to warrant summary judgment.

In so ruling, the Court does not address the separate issue whether the issue in this motion could be resolved on summary judgment, only that this motion is insufficiently supported. The parties are advised that this is one of the oldest cases on the Court's docket, and must resolved either by settlement or trial.

**The parties are urged to undertake settlement negotiations in good faith.**

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the plaintiff CDM Smith, Inc., formerly known as Camp Dresser & McKee Inc. and third party defendant CDM Constructors Inc. is DENIED. Rec. Doc. 158.

New Orleans, Louisiana, this 5th day of April, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT